Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6324 | **DATE** | 8/14/2003 |
| **CASE TITLE** | United States of America Ex. rel. Nathan Redmond vs. Gene Jungwirth | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Pro Se Petitioner's amended petition for writ of habeas corpus [R.19] pursuant to 28 U.S.C. § 2254 is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | | |
| | TH / courtroom deputy's initials | 03 AUG 14 PM 5:54 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America Ex. rel.<br>NATHAN REDMOND (#N-84919),<br><br>Petitioner,<br><br>v.<br><br>GENE JUNGWIRTH,[1] Warden,<br>East Moline Correctional Center,<br><br>Respondent. | No. 01 C 6324 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Before this Court is *pro se* petitioner Nathan Redmond's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Redmond's petition is denied.

## PROCEDURAL BACKGROUND

On May 28, 1998, following a bench trial, a judge in the Circuit Court of Cook County found Redmond guilty of three counts of armed robbery. At trial, the State presented evidence that Redmond drove the get-away car for his co-defendants after they robbed six people at gunpoint. The trial court sentenced Redmond to a twelve-year term of imprisonment to be served consecutive to a four-year term of imprisonment for two minor drug offenses. After

---

[1] Currently, Gene Jungwirth is the Warden at the East Moline Correctional Center and is thus the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. Therefore, the Court substitutes Jungwirth as the Respondent. *See* Fed. R. Civ. P. 25(d)(1).

Redmond appealed his conviction to the Illinois Appellate Court, his counsel filed a successful motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Redmond filed a response to counsel's *Anders* motion arguing: (1) the prosecutor knowingly presented perjured testimony at trial; (2) the prosecutor did not prove him guilty beyond a reasonable doubt; and (3) ineffective assistance of trial counsel. On July 16, 1999, the Illinois Appellate Court affirmed the judgment of the Circuit Court. Redmond filed a petition for rehearing on August 6, 1999, which the court denied on October 18, 1999.

Redmond filed an untimely petition for leave to appeal to the Illinois Supreme Court on November 24, 1999, raising the same three issues that he had raised with the Illinois Appellate Court. On February 2, 2000, the Illinois Supreme Court denied the petition, inherently granting Redmond's motion to file a late petition for leave to appeal. Redmond then filed a *pro se* petition under the Illinois Post-Conviction Hearing Act on June 29, 2000, claiming that his counsel had been constitutionally ineffective. On November 3, 2000, the Circuit Court denied the post-conviction petition finding that the issues raised were frivolous and patently without merit. On December 21, 2000, Redmond filed a notice of appeal seeking review of the post-conviction order. Redmond's counsel then filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). On September 7, 2001, the Illinois Appellate Court granted counsel's motion to withdraw and affirmed the Circuit Court's post-conviction judgment.

Redmond filed his initial federal habeas petition on August 15, 2001. On August 12, 2002, Redmond filed an amended petition for a writ of habeas corpus. Pursuant to an executive committee order, this case was reassigned to this Court from the Honorable Robert W. Gettleman on August 30, 2002. Because this is Redmond's first federal habeas petition and he filed it

before the conclusion of his post-conviction proceedings in the Illinois state courts, the Court has jurisdiction to consider Redmond's habeas claims. *See Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002).

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 404-405 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405.

With respect to the "unreasonable application" prong under Section 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively" unreasonable. *See Lockyer v. Andrade,* 123 S.Ct. 1166, 1174 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002); *see also Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally

3

consistent with facts and circumstances of the case).

Federal habeas courts presume that the state court's findings of fact are correct unless the habeas petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) *Collier v. Davis*, 301 F.3d 843, 848 (7th Cir. 2002). Because Redmond does not challenge the statement of facts set forth in the Illinois Appellate Court's opinions on both direct and post-conviction appeal, the Court presumes the facts are correct and adopts the appellate court's factual findings. *See People v. Redmond*, No. 98-2824 (Ill. App. Ct. July 16, 1999) (*Redmond I*); *People v. Redmond*, No. 01-0201 (Ill. App. Ct. Sept. 7, 2001) (*Redmond II*).

Construing his *pro se* amended habeas petition liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001), Redmond claims: (1) the prosecutor knowingly used perjured testimony; (2) the prosecutor did not prove him guilty beyond a reasonable doubt; and (3) ineffective assistance of trial counsel. The State concedes that the procedural requirements have been met for these three claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Accordingly, the Court now turns to Redmond's habeas claims.

## ANALYSIS

### I. Perjured Testimony

Redmond argues that the prosecution knowingly presented perjured testimony at trial. A criminal conviction obtained by the knowing use of perjured testimony is fundamentally unfair if there is a reasonable likelihood that the false testimony could have impacted the judgment of the jury. *See United States v. Bagley*, 473 U.S. 667, 678-79 (1985). A habeas petitioner seeking a new trial based on perjured testimony must show: (1) the prosecution presented perjured testimony; (2) the prosecution knew or should have known of the perjured testimony; and (3)

4

there is a reasonable likelihood that the perjured testimony impacted the verdict. *See Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002); *see also United States v. Agurs*, 427 U.S. 97, 103 (1976) (conviction obtained by knowing use of perjured testimony must be set aside "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury").

Redmond bases his perjured testimony claim on discrepancies in the trial testimony of the State's witnesses regarding what items and the amounts of money the defendants took during the armed robberies. For instance, prosecution witness, Andra Bush, testified that the defendants took $100 from him and snatched a chain from his neck. In his police statement, however, Bush stated that the defendants did not take any money from him and that he pulled off his own gold chain and gave it to the defendants. Redmond argues that because the State never asked the trial court to return Bush's $100, the State knew that Bush had committed perjury during his trial testimony. Another State's witness, Martin Miller, testified that the defendants took $254 from him. In a statement to the police, however, Miller stated that the defendants took approximately $150. Redmond does not argue how the other discrepancies he outlines establish that the prosecution knew or should have known that the testimony was false. *See Bagley*, 473 U.S. at 678-79.

The Illinois Appellate Court concluded that although there were discrepancies regarding the amounts of money taken and the manner in which certain items were taken, the witnesses' testimony did not waiver in the fact that they were robbed. *See Redmond I*, slip op. at 3. The Appellate Court also stated that it would not substitute its judgment that for that of the trial court, in this case the trier of fact, regarding the witnesses' credibility. *See id.* This Court concludes that the Appellate Court's decision is consistent with the facts and circumstances of this case, and

5

therefore, is a reasonable application of clearly established Supreme Court precedent. *See Schultz*, 313 F.3d at 1015.² Inconsistencies in witness testimony alone do not establish that the State knowingly used perjured testimony. *See Tayborn v. Scott*, 251 F.3d 1125, 1131 (7th Cir. 2001). Ultimately, Redmond must show that this alleged perjured testimony bears a direct relationship to his guilt or innocence, which he has failed to do. *See id.* In other words, Redmond has failed to establish that there is a reasonable likelihood that these discrepancies impacted the trial court's judgment. *See Agurs*, 427 U.S. at 103; *Harding*, 300 F.3d at 828. Thus, the Court denies Redmond's first habeas claim based on the trial testimony discrepancies.

## II. Insufficiency of Evidence

Redmond next argues that the prosecution did not present sufficient evidence to prove him guilty beyond a reasonable doubt. More specifically, Redmond contends that because the evidence only established that he arrived at the scene of the crime after the crime had been committed, the State did not prove him guilty of armed robbery beyond a reasonable doubt.

In assessing an insufficiency of the evidence claim, the Court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

---

² In his reply brief, Redmond states that the Illinois Appellate Court's decision was both "contrary to" and an "unreasonable application" of clearly established Supreme Court authority pursuant to 28 U.S.C. § 2254(d)(1). Because Redmond makes his "contrary to" argument for the first time in his reply brief, this argument is waived. *See Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002).

Based on the witnesses' testimony, the Illinois Appellate Court concluded that the trial court found sufficient evidence to establish that Redmond knowingly drove the get-away car. *See Redmond I*, slip op. at 3-4; *see also People v. Dennis,* 181 Ill.2d 87, 108 (Ill. 1998) (driver must knowingly drive get-away car to be legally accountable). Specifically, Bush and Miller testified that when Redmond pulled up in his car, he yelled, "I got them," to his co-defendants. Miller understood this statement to mean that Redmond had the complaining witnesses "covered" in such a manner that they could not harm the co-defendants. *See Redmond I,* slip op. at 3-4. Further, the arresting officers testified that Redmond was holding some of the stolen money in his hand when they arrested him. *See id.* at 4. The appellate court concluded that, looking at the evidence in the light most favorable to the prosecution, the State proved that Redmond was criminally accountable for the armed robbery beyond a reasonable doubt.

In sum, viewing the evidence in a light most favorable to the State, the Illinois Appellate Court weighed the evidence, resolved the conflicts in the testimony, and drew the inference that Redmond was legally accountable as the driver of the get-away car. Therefore, the Court concludes that the Appellate Court's decision is consistent with the facts and circumstances of this case, and thus, is a reasonable application of *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Because Redmond has failed in his burden of establishing that the Illinois Appellate Court applied the facts of his case in an objectively unreasonable manner, *see Woodford v. Visciotti,* 537 U.S. 19, 24-25 (2002) (per curiam), the Court rejects Redmond's request for habeas relief based on his *Jackson* claim.

## II. Ineffective Assistance of Counsel

In his last habeas claim, Redmond argues that his trial counsel rendered constitutionally

7

ineffective assistance because counsel failed to properly consult with Redmond and prepare a defense.[3] Respondent concedes that these bases to Redmond's ineffective assistance claim were properly preserved for habeas review. The Illinois Appellate Court, however, concluded that these arguments involved matters outside of the record, and thus, did not review the merits of these arguments. *See Redmond I*, slip op. at 5. Nevertheless, because the Respondent waived any argument as to procedural default, the Court will review Redmond's ineffective assistance of trial counsel claim based on his assertion that counsel failed to properly consult him and prepare a defense. Furthermore, because the Illinois Appellate Court did not address the merits of these claims, the Court reviews Redmond's ineffective assistance claim under the general standard as set forth in 28 U.S.C. § 2243, not under Section 2254(d)(1). *See Braun v. Powell*, 227 F.3d 908, 917 (7th Cir. 2000). This standard requires the Court to "dispose of the matter as law and justice require." *Id.*

To render constitutionally effective assistance of counsel under the Sixth Amendment, counsel's performance must satisfy the two-prong standard as set forth in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Under the performance prong, Redmond must show that his counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88 (measure of attorney performance is reasonableness under prevailing professional norms). Under the prejudice prong, Redmond must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

---

[3] In his reply brief, Redmond also argues that his counsel was ineffective for allegedly conceding Redmond's guilt in opening statements and for failing to file a motion to sever the trial. Because Redmond brought these arguments for the first time in his reply brief, these claims are waived. *See Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002).

8

*Id.* at 694. Redmond must satisfy both *Strickland* prongs to establish constitutionally ineffective assistance of counsel. *See id.* at 697.

Redmond argues that his trial counsel was ineffective because she did not sufficiently consult with him prior to his trial. Specifically, Redmond asserts that counsel did not consult him the day she was appointed counsel and that one time a co-defendant's attorney, not his appointed counsel, informed him of his next court date. These assertions alone do not establish that his counsel's conduct was constitutionally deficient. First, the amount of contact between counsel and client is not indicative of counsel's effectiveness. *See Kleba v. McGinnis*, 796 F.2d 947, 954 (7th Cir. 1986) ("We know of no case establishing a minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel"). Second, although the Court is required to construe Redmond's *pro se* petition liberally, Redmond must make cogent arguments that consist of more than generalized assertions of error. *See Anderson*, 241 F.3d at 545. Simply put, Redmond's generalized statements as to his alleged counsel's inadequacy do not support his claim that she was constitutionally ineffective.

Redmond also argues that his counsel neglected to prepare a defense. Redmond supports his argument by stating that his "lawyer put little or no effort into the defense beyond her cursory consultation with the client and that course of action prejudiced the defense." Because the Court must indulge a strong presumption that counsel's conduct is constitutionally adequate, without more than this unsubstantiated assertion, the Court cannot conclude that counsel's performance was objectively unreasonable. *See Strickland*, 466 U.S. at 687-88.

Although Redmond states that counsel's acts or omissions prejudiced him, he has not

9

argued or established that but for counsel's deficient performance, the outcome of his trial would have been different.[4] See *Strickland*, 466 U.S. at 694. Accordingly, Redmond has failed to satisfy both the performance and prejudice *Strickland* prongs. *Id.* at 697.

Therefore, under the general standard as set forth in 28 U.S.C. § 2243, the Court concludes that Redmond's ineffective assistance of trial counsel claim lacks merit.

## CONCLUSION

For all the foregoing reasons, the Court denies Redmond's amended petition for a writ of habeas corpus [R. 19].

Dated: August 14, 2003         ENTERED

_____
AMY J. ST. EVE
United States District Judge

---

[4] In his reply brief, Redmond raises an argument based on the reasoning in *United States v. Cronic*, 466 U.S. 648 (1984). In *Cronic*, the Supreme Court concluded that under certain circumstances, such as counsel's failure to subject the prosecution's case to meaningful adversarial testing, a specific showing of prejudice is not required to establish ineffective assistance of counsel. *See id.* at 659. Because Redmond raises this argument for the first time in his reply brief, the argument is waived. *See Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002).

10